# Flood v. Judge, Appellant.

*Judgments—Rule to open—Judgment note signed in blank—Insertion of arbitrary sum.*

Where in a proceeding to open judgment entered by confession on a judgment note it appeared that defendant delivered to plaintiff a judgment note, the amount of which was blank, and plaintiff filled in a sum large enough to cover all indebtedness which he thought the defendant then owed him, but which was far in excess of such indebtedness, and he subsequently entered judgment on the note for an amount which, in his answer he admitted represented the amount of two promissory notes signed by the defendant, which he had taken up, and an arbitrary sum in addition which he included in this judgment to cover any loss which he thought he might sustain on account of costs, and it further appeared by uncontradicted evidence that the promissory notes referred to were signed by the defendant for the accommodation of the plaintiff, a refusal to open the judgment was held error.

Argued Jan. 14, 1913. Appeal, No. 270, Jan. T., 1912, by defendant, from order of C. P. No. 2, Philadelphia Co., Sept. T, 1909, No. 2965, discharging rule to open judgment in case of Edward M. Flood v. John P. Judge. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Rule to open judgment entered upon a promissory note by confession. Before BARRATT, J.

The facts are stated in the opinion of the Supreme Court.

Plaintiff entered judgment upon a judgment note for $15,455.00, assessing his damages at $2,000. Defendant

obtained a rule to open the judgment and let him into a defense, which rule the court subsequently discharged. Defendant appealed.

*Error assigned* was the order of the court discharging the rule.

*M. W. Montgomery, Jr.,* for appellant.

*T. D. Finletter,* with him *J. H. Merrill,* for appellee.

OPINION BY MR. JUSTICE BROWN, February 24, 1913:
The complaint of the appellant is of the refusal of the court below to open a judgment entered against him and to let him into a defense. It was entered on a judgment note for $15,455, dated November 28, 1903, and payable one day thereafter. The amount for which it was entered on October 25, 1909, was $2,000.00.

In his petition asking that the judgment be opened the appellant avers that he signed the note in blank, and so delivered it to the appellee, and neither at that time nor at any subsequent time was he indebted to the plaintiff in a sum exceeding $5,000.00. He further avers that, instead of being indebted to the appellee at the time the judgment was entered, the latter was indebted to him. To this petition an answer was filed, in which the appellee denies that the note was executed in blank and avers that it was executed and delivered to him on February 2, 1904, after he had written it and dated it back to November, 1903. His averment as to this is as follows: "On February 2, 1904, I asked the defendant to secure me against possible loss by means of a judgment note, to which he cheerfully and readily assented. He inquired of me what was the amount of his present indebtedness and asked me to fill in the note for that indebtedness and such future advances as I believed might be necessary and I would be willing to make. I selected the arbitrary sum of $15,455.00 after making a

rough calculation of defendant's indebtedness from memory and adding thereto some additional amount, which I do not now recall, that I thought might become necessary. I told the defendant before he executed the note that so far as it represented his indebtedness, it exceeded the actual amount, but included all that he owed on any of our business transactions." Depositions were taken in support of appellant's petition, but none were taken by the appellee, and nothing proven by the appellant was contradicted by testimony from the appellee or any one else. Emery Gibeau, who was the subscribing witness to the execution of the note, unqualifiedly corroborated the appellant's statement that it had been executed in blank. This witness stated that it was left blank as to amount because neither of the parties knew at the time how much to insert in it. In passing upon the petition to open the judgment the court below was confronted by the testimony not only of the appellant, but that of a disinterested witness, uncontradicted by the appellee, that the judgment note had been signed in blank and was delivered to the appellee, and, if so, he subsequently inserted the "arbitrary sum" of $15,455.00. Whatever a jury may ultimately believe as to this feature of the case, we are persuaded that in this equitable proceeding to open the judgment the appellant has sustained his averment that he executed and delivered the note in blank.

Appellee's reason for entering judgment for $2,000.00 appears in his answer. He there avers that the appellant had given him two promissory notes in 1908 for $950.00 and $400.00 respectively, which he sold to a trust company, and at their maturity, on April 19, 1909, upon the failure of the appellant to pay them, he was compelled to take them up. He subsequently proposed to the appellant, as he further avers, that if the latter would pay these two notes, he would exchange releases with him and end their business relations, but that appellant refused to pay them, upon the ground that they

were mere accommodation obligations, made for the benefit of the appellee. Thereupon he entered the judgment, averring the following as his reason for doing so: "I was compelled to force an acceptance of an offer which I regard as more than fair by entering up said judgment note, and assessing my damages at $1,350.00, the amounts of his notes which I have paid, together with $650.00 as a balance due for interest and collecting fees. I admit that the amount last named is an arbitrary sum merely, which is not calculated upon any particular items of his indebtedness for precise periods of time." It thus appears from the appellee's own admission that, at the time he entered the judgment, he did not regard the appellant as liable for any indebtedness on the note for $15,455.00, except that represented by the two promissory notes amounting to $1,350.00, with interest from April 19, 1909; and he further admits that, in entering judgment for $2,000.00, he included an "arbitrary sum" of $650.00 for interest and collection fees. This, without more, ought to have moved the court to open the judgment, that the appellant might defend against the arbitrary item at least; but, turning to appellant's testimony—uncontradicted by the appellee as a witness called in his own behalf—there is a distinct statement that the two notes were made for the accommodation of the appellee, who agreed to take them up at maturity. This, if true, would be a complete defense to them, and the appellee would have no right to use his judgment to enforce their payment.

No reason was given by the learned court below for denying to the appellant the relief sought. The rule to show cause was discharged without a word of comment. From what has been brought up to us on the record, we are of opinion that the judgment ought to be opened and that the accounts between the appellant and appellee should be settled by a jury, unless submitted to the court or a referee.

The assignment of error is sustained and the rule to

show cause why the judgment should not be opened and defendant let into a defense is now made absolute.